**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JUN 29 2026**

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re Subpoena Duces Tecum to Colorado Credit Union | ) Case No. _____ |
| and | ) |
| Justin Overlin, Customer Movant | ) |

## MOTION TO QUASH SUBPOENA DUCES TECUM AND SWORN STATEMENT OF CUSTOMER

Pursuant to the Right to Financial Privacy Act, 12 U.S.C. § 3410

Customer Movant Justin Overlin, pro se, moves to quash the subpoena duces tecum served by the Treasury Inspector General for Tax Administration ("TIGTA") on Colorado Credit Union seeking his financial records, and states as follows:

### I. Relief Requested

Movant requests that the Court quash the subpoena in its entirety, or alternatively limit it to records for which the Government can make a particularized showing of relevance and substantial compliance with the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401–3422.

### II. Background

1.    On or about June 2026, Movant received customer notice that TIGTA had served a subpoena duces tecum on Colorado Credit Union seeking records concerning Movant's accounts.

2.    The subpoena commands production on July 15, 2026, at 10:00 a.m., to Special Agent Benjamin Chee at TIGTA's Denver office.

3.    Attachment A seeks, among other things, "[a]ll documents pertaining to all accounts bearing the signatory authority of JUSTIN OVERLIN" or bearing account number

Page 1

845026S0010 for the period October 1, 2025, to January 31, 2026, including signature cards, bank statements, cancelled deposits, deposit tickets, items deposited, credit and debit memos, and withdrawal forms.

4. The notice states that the records are being sought in connection with a purported "legitimate law enforcement inquiry" under the Inspector General Act of 1978, as amended, 5 U.S.C. § 401 et seq.

5. Movant is the customer whose records are sought and has timely filed this motion within the time permitted by 12 U.S.C. § 3410(a).

## III. Legal Standard

Under the RFPA, a government authority may obtain a customer's financial records only if the statutory requirements are met, including that the records sought are relevant to a legitimate law enforcement inquiry and that the government has substantially complied with the Act's notice and procedural requirements. 12 U.S.C. § 3405; 12 U.S.C. § 3410.

A customer may move to quash an administrative summons or subpoena or to enjoin disclosure. 12 U.S.C. § 3410(a) The court shall quash or enjoin the request if the applicant is the customer and there is not a demonstrable reason to believe the inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or if there has not been substantial compliance with the RFPA. 12 U.S.C. § 3410(c).

The Fifth Circuit has explained that RFPA relevance is not limitless, and the government must still demonstrate a legitimate law-enforcement basis tied to the particular financial records requested. Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875 (5th Cir. 1989). Courts likewise require compliance with the RFPA's notice and challenge procedures. 12 U.S.C. § 3407; 12 U.S.C. § 3410.

## IV. Argument

**A. The subpoena should be quashed because TIGTA has not made a sufficiently particularized showing that the requested records are relevant to a legitimate law-enforcement inquiry.**

The subpoena seeks sweeping categories of records for a four-month period, including all account records for any account under Movant's signatory authority. The request is broad on its face and is not limited to any identified transaction, counterparty, event, or subject matter. Although the customer notice states in general terms that the records are sought for a legitimate law-enforcement inquiry under the Inspector General Act, the notice does not describe with specificity the nature of the inquiry or explain why Movant's banking records are relevant to it. The RFPA requires more than a bare recitation of authority; the Government must have a demonstrable reason to believe the inquiry is legitimate and a reasonable belief that the records sought are relevant. 12 U.S.C. § 3410(c).

Because the subpoena seeks all records for all accounts under Movant's authority without a particularized nexus to the asserted investigation, the Court should quash it or, at minimum, require TIGTA to make a sworn, particularized showing of relevance.

**B. The subpoena should be quashed if TIGTA has not substantially complied with the RFPA's notice requirements.**

The RFPA requires customer notice that states with reasonable specificity the nature of the law-enforcement inquiry and informs the customer of the right to challenge disclosure. 12 U.S.C. § 3407; 12 U.S.C. § 3410(a).

Page 3

Movant reserves the right to supplement this motion if the notice, subpoena, or service materials are incomplete or otherwise defective, including if the notice omitted required language, failed to identify the proper court, failed to provide the challenge deadline, or otherwise failed to substantially comply with the Act.

## C. The requested records are overbroad in scope and temporal reach.

Attachment A requests all records for all accounts under Movant's signatory authority for a four-month period. Even if some records might be relevant to an investigation, the request is not tailored to a discrete issue and is broader than necessary.

At minimum, any production should be limited to the smallest category of documents and the narrowest date range reasonably tied to the stated inquiry.

## D. Movant's pending employment disputes underscore the need for judicial review.

Movant has an ongoing EEO and bullying complaint against a supervisor. Additionally, as of June 24th supervisor is actively attempting to medically remove movant from employment. While those disputes do not themselves immunize financial records from subpoena, they heighten concern that the subpoena may be used for purposes unrelated to any bona fide law-enforcement inquiry. The Court should therefore scrutinize whether TIGTA has a legitimate basis for the request and whether the request is sufficiently tailored.

## V. Sworn Statement

I, Justin Overlin, declare under penalty of perjury that:

1.    I am the customer of Colorado Credit Union whose financial records are sought by the subpoena at issue.

2.    The subpoena seeks records identified by my name, Social Security number, and account number, including all documents pertaining to accounts under my signatory authority for the period October 1, 2025, to January 31, 2026.

3.    Based on the materials provided to me, I believe the records sought are not sufficiently shown to be relevant to a legitimate law-enforcement inquiry and that the subpoena is overbroad.

4.    I further reserve the right to assert any additional defects in notice, service, scope, or RFPA compliance.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/25/26

Respectfully submitted,

Justin Overlin
Address: 4047 S. Pennsylvania St.
Englewood, CO 80113
Telephone: 303 552 8490
Email: justinnew@hotmail.com

**Certificate of Service**

I certify that on 6/25/26, I served a copy of this Motion to Quash and Sworn Statement on the Treasury Inspector General for Tax Administration, attention Special Agent Benjamin Chee, by [hand delivery / certified mail / other permitted method] at the address listed in the subpoena.

1999 Broadway Ste 2406, Denver CO 80202

Justin Overlin